OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1904

[Civil No. 822. Filed January 12, 1904.]

[74 Pac. 1052.]

AXEL W. HALLENBORG et al., Plaintiffs and Appellants, v. COBRE GRANDE COPPER COMPANY et al., Defendants and Appellees.

1. INJUNCTION—CORPORATIONS—STOCKHOLDERS.—An injunction is properly refused where the suits which minority stockholders of a corporation seek to enjoin the corporation from dismissing are at the time dismissed or are enjoined from being dismissed by the court in which they are pending, or have been decided favorably to plaintiffs' prayer for relief, and officers of such corporation sought in the action to be removed have already resigned, since no case is presented where an injunction could afford plaintiffs any relief.

2. CORPORATIONS—RECEIVER—DENIED.—No ground for the appointment of a receiver is shown where the only property of the corporation within the jurisdiction of the court is funds in the treasurer's hands acquired by the company by virtue of an agreement the invalidity of which constitutes the ground of plaintiffs' cause of action.

3. SAME—SAME—SAME.—Where it appears that the only purpose which would be subserved by the appointment of a receiver, in an action brought by minority stockholders of a corporation, would be the bringing of suits on behalf of the corporation, the appointment of a receiver is properly denied, since the minority stockholders have authority to institute the actions without the interposition of a receiver.

4. SAME—SAME—SAME.—That a receiver being in possession of the books and records of a corporation would be in a better position to prosecute actions on its behalf than a stockholder who might be denied an inspection thereof affords no sufficient ground for the appointment, since the courts are not loath to permit inspection of records to stockholders in suits properly instituted by them.

(329)

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

Affirmed. 200 U. S. 239, 50 L. Ed. 458.

The facts are stated in the opinion.

John J. Hawkins, J. F. Wilson, A. B. Cruikshank, and Henry G. Atwater, for Appellants.

Barnes & Martin, L. H. Chalmers, Herndon & Norris, Ben Goodrich, and Eugene S. Ives, for Appellees.

KENT, C. J.—The amended complaint in this action contains in substance the following allegations: That the plaintiffs are stockholders in the Cobre Grande Copper Company, an Arizona corporation, one of the defendants herein, and that the plaintiff Hallenborg is a creditor of said company. That since January 1, 1900, the said Cobre Grande Copper Company has been engaged in a series of litigation with the defendants William C. Greene, George Mitchell, and their associates, confederates, and agents; that said litigation, among other things, involved the title and right of possession to certain mining property situate in the state of Sonora, republic of Mexico. That the Cobre Grande Copper Company claims to be the rightful owner and entitled to the possession of said property, and that the defendant Greene wrongfully and fraudulently had dispossessed said company, and is now in the wrongful and fraudulent control of the same. That suits are pending in the courts of Mexico, brought by the Cobre Grande Copper Company, to recover possession of said property. That actions in replevin, instituted by the company, are pending in New York and in Texas. That there was pending, at the time of the commencement of this suit, an action in the district court of the third judicial district of the territory of Arizona, in and for the county of Maricopa, against the defendant Greene, the defendant Mitchell, and the defendant Phœnix National Bank to prevent the delivery by said bank to said Greene of certain deeds to said mining

property held by said bank in escrow, and to have the right
of the Cobre Grande Copper Company in and to a certain
contract of sale and purchase of said property determined
and adjudged; and that said action was brought in aid of the
efforts of the said Cobre Grande Copper Company to recover
said property, and to have the right of the Cobre Grande
Copper Company, after the restoration of the possession of
said mines, to make a payment of thirty-seven thousand five
hundred dollars due under said agreement for the purchase
declared to be an existing right, and that said contract of
purchase be declared to be in full force and effect, and for
an accounting by Greene.  That on December 12, 1900, for
the purpose of controlling the suits brought by the Cobre
Grande Copper Company as aforesaid, said Greene and the
Greene Consolidated Copper Company entered into fraudulent
and corrupt contract and conspiracy with the defendant E. B.
Gage and other directors of the Cobre Grande Copper Com-
pany, wherein it was agreed between the said Greene and
the said Greene Consolidated Copper Company on the one side
and the defendant E. B. Gage and the Cobre Grande Copper
Company, by said E. B. Gage, president, on the other side,
substantially as follows: That the said Greene and the Greene
Consolidated Copper Company agreed to buy from the defend-
ant Gage 115,049 shares of stock of the Cobre Grande Copper
Company, held by him as trustee for certain stockholders of
said company, at the price of $2.50 per share; and that upon
the purchase of said stock being made the defendants Adam-
son, Costello, Wood, and O'Keefe, as a part of said transaction,
would resign as directors of said Cobre Grande Copper Com-
pany; and that said Greene and the Greene Consolidated
Copper Company should thereupon be allowed to elect and
appoint the officers and directors of the Cobre Grande Copper
Company in their own interests; and that, further, the suits,
actions, and proceedings brought by the Cobre Grande Copper
Company for the protection of its rights against the said
Greene, Mitchell, and the Greene Consolidated Copper Com-
pany should be dismissed.  That as a further consideration
of said agreement it was agreed that said Gage should receive
for himself five thousand shares of the stock of the Greene
Consolidated Copper Company, alleged to be at the time of
the market value of ten dollars per share; and, further, that

the defendant Costello, a director of said Cobre Grande Copper Company, should have large personal benefits to himself,—to wit, that his note for twenty-three thousand dollars to the Cobre Grande Copper Company should be surrendered to him. That the other directors, Adamson, Wood, and O'Keefe, by a secret compact and arrangement between them and the said Greene and the said Greene Consolidated Copper Company, were to receive additional gains and advantages, either by way of stock in the Greene Consolidated Copper Company, or in some other way. That said agreement, and the whole thereof, was and is illegal and fraudulent as to the plaintiffs, and as to all other persons, creditors, and stockholders similarly situated; and that the object and effect thereof is to transfer to the enemies of the Cobre Grande Copper Company the management and control of the corporation with the intent and design that such management and control should be used to prevent the said Cobre Grande Copper Company from enforcing its rights as against said Greene and said Greene Consolidated Copper Company to obtain possession of said property and to complete its contract for the purchase thereof. That the Cobre Grande Copper Company is possessed of no property or assets other than the choses in action represented by said suits; and that, if the latter be discontinued or dismissed, said company will be without property or funds with which to pay its debts or to distribute in the way of profits or dividends among its stockholders. That the said mining property is of great present and prospective value,—namely, of the value of five million dollars or thereabouts. That the defendants Greene, Mitchell, the Cobre Grande Copper Company, and the Greene Consolidated Copper Company threaten and intend, for the purpose of destroying and wrecking the Cobre Grande Copper Company, to dismiss or cause to be dismissed and discontinued the said suits, and to turn over all the assets of the property of said Cobre Grande Copper Company to said Greene, Mitchell, or the Greene Consolidated Copper Company, or some other controlled by them.

On these facts as alleged the plaintiffs prayed for the following relief, to wit: For an injunction restraining the defendants from discontinuing or causing to be discontinued or dismissed each and all of said pending suits; that a mandatory injunction issue directing said defendants to faithfully

prosecute and pursue in behalf of the Cobre Grande Copper Company all said actions and proceedings; that the plaintiffs be made parties in such suits; that a receiver be appointed to take possession of the assets and property of the Cobre Grande Copper Company, with power to prosecute and maintain said actions, and to bring such other and further suits as may be necessary to protect the rights of said company; that the defendants Gage, Adamson, Costello, Wood, and O'Keefe be removed from their offices and as directors of the company; and that the Phœnix National Bank be restrained from delivering the title deeds to the property to Greene and Mitchell.

On the trial of the cause the following uncontroverted facts were established, to wit: That the action brought by the Cobre Grande Copper Company in the state of Texas had been dismissed prior to the issue of the temporary injunction. That the action which was pending in the state of New York is still pending and undetermined, and that the defendants have been enjoined by an order of one of the courts of that state from dismissing said action, or causing it to be dismissed. That the action pending in the district court of Maricopa County was decided and had gone to judgment, and that as a part of said judgment the Phœnix National Bank was commanded to and had delivered up the papers and documents to Greene, and that the directors whose removal was desired had resigned, and had ceased to be officers or directors of the company. The trial court rightly held that, in view of these facts, an injunction could afford the plaintiffs no relief, and, as the case stood, the only question left was whether a receiver should be appointed.

The question presented on this appeal for our determination is whether, in view of the pleadings and the admitted situation of the parties at the time of the trial of the action, the district court was within a proper exercise of its discretion in refusing to appoint a receiver. If so, judgment was properly entered for the defendants. The grounds on which the receivership is asked are, substantially: That the suit in the district court of Maricopa County was brought in good faith by the Cobre Grande Copper Company to recover from Greene the possession of the Mexican property; that the agreement of December 12, 1900, whereby that suit and the various other suits were to be dismissed was and is fraudulent, because it

provided no adequate consideration to be paid the Cobre Grande Company, and because the directors of the company themselves received money as a consideration for its execution; that the judgment rendered in the district court of Maricopa County was not an estoppel of record, as it was collusively obtained, Greene having obtained control of both sides of the litigation, after the trial, but prior to the entry of the judgment; and that by this agreement and by the entry of this collusive judgment Greene and his associates have deprived these appellants, as minority stockholders, of valid rights and interests, and have prevented a recovery of the Mexican property. The purposes for which a receiver is asked are twofold, so far as the record is concerned: First, that he may take charge of the property of the company; second, that he may prosecute its litigation. As was pointed out by the district court, the only property of the company within the jurisdiction of the court is the funds in the treasurer's hands, acquired by the company by virtue of the agreement of December 12th, the validity of which is disputed by the plaintiffs. If the agreement was invalid, as claimed by the plaintiffs, the court could not consistently have appointed a receiver of property acquired solely by means of the agreement. On the other hand, if the agreement was valid, the plaintiffs admittedly had no sufficient cause of action for the appointment of a receiver or otherwise. The sole remaining purpose for which the receiver was to be appointed was to prosecute such litigation as should reinstate the company as a litigant in the position it was at the time of the execution of the agreement, with the ultimate object and purpose of regaining the Mexican property; and the complaint and the record in the case clearly show that this, and not the administration of the fund, is in reality the purpose for which the receiver is desired.

In the view we take, it is not incumbent on us nor proper for us to determine in the case before us whether the judgment in the action in the district court of Maricopa County was a proper and valid judgment, or whether the agreement of December 12th was illegal and without consideration, nor is relief in this respect prayed for in the complaint. The question for us to determine is whether the district court, in refusing to appoint a receiver in this action, exercised a sound judicial discretion, based upon a due consideration of the facts

and the rights and interests of the respective parties. Apart from the question whether the court has the power to appoint a receiver where no relief other than the appointment of a receiver is asked for or can be granted under the pleadings or the facts—which we do not deem it necessary to determine —we are of the opinion that under the facts in this case the district court was within a proper exercise of its discretion in its refusal to appoint a receiver. As the matter then stood, the district court of Maricopa County had, by its judgment, valid upon its face, determined adversely to the company its claims to the Mexican properties. While this judgment stands, the appointment of a receiver will not aid the company or the plaintiffs in the recovery of the Mexican properties, for the judgment stands in the way of any assertion of rights to the property. The validity of this judgment is strenuously denied by the plaintiffs, but its invalidity must be determined in an action brought directly for that purpose, and until so determined it is a bar to the recovery of the property by any one on behalf of the corporation. Such an action can be instituted and prosecuted by the plaintiffs as minority stockholders, and a receivership is not necessary for such purpose. If such action should result in the vacating and setting aside of the judgment, the same minority stockholders, if the corporation or its officers refuse so to do, can maintain as fully as such corporation such actions looking to the enforcement or determination of its property rights as may be necessary or proper. Such proceedings for the determination and adjudication of the rights of the plaintiffs and of the company can be instituted and prosecuted with practically the same force and effect by these stockholders as if instituted and prosecuted by a receiver appointed for that purpose. The institution of such action being the sole purpose of the appointment of a receiver, we cannot say that the court was not exercising a sound discretion in refusing to make such appointment, and through its receiver embark in such litigation, in view of the possible harm to the company that might result from a receivership, where the plaintiffs themselves had a complete and adequate remedy of which they might avail themselves without the interposition of a receiver.

It is urged that a receiver, being in possession of the books and records of the company, would be in a better position

to prosecute such actions than a stockholder, who might be denied an inspection thereof. In any event, such reason affords no sufficient ground in itself for the appointment; but the courts of this territory are not loath to lend their aid, when necessary, by effectual process to enable a stockholder to obtain access to the records of his corporation in a proper case, and for a proper purpose.

Upon a full review of the pleadings and the admitted facts in this case, we are of the opinion that the district court was well within the exercise of sound discretion in refusing to appoint a receiver herein, and that there was not any other relief which the court could properly grant the plaintiffs in this action. The judgment will therefore be affirmed.

Doan, J., and Davis, J., concur.